Filed 9/10/13  P. v. Perez CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B245555 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA387136) |
| v. | |
| ERIC MANUEL PEREZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Frederick N. Wapner, Judge.  Affirmed.

Eric Manuel Perez, in pro. per., and Christine C. Shaver, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Based on allegations Eric Manuel Perez had sexually assaulted his girlfriend's daughter for approximately four years, beginning when she was nine years old, Perez was arrested and charged in a 13-count information with having committed oral copulation of a child 10 years old or younger by a person 18 years old or older (Pen. Code, § 288.7, subd. (b)),[1] continuous sexual abuse of a child under the age of 14 years (§ 288.5, subd. (a)), sodomy of a child 10 years old or younger by a person 18 years old or older (§ 288.7, subd. (a)), lewd act upon a child of 14 or 15 years by a person who is at least 10 years older (§ 288, subd. (c)(1)), and nine counts of lewd acts upon a child under the age of 14 years (§ 288, subd. (a)).  Perez pleaded not guilty to the charges.

Appearing with retained counsel, Perez agreed to enter a negotiated plea of no contest to having committed continuous sexual abuse of a child under the age of 14 years and nine counts of lewd acts upon a child.  In return Perez was to be sentenced to an aggregate state prison term of 34 years.  The remaining counts were to be dismissed.

The record of the plea hearing established Perez was advised of and waived his constitutional rights and was advised of and acknowledged he understood the consequences of his plea.  Counsel stipulated to a factual basis for the plea.  The trial court found Perez had knowingly, voluntarily and intelligently waived his constitutional rights and entered his no contest plea.  In accordance with the plea agreement, Perez was sentenced to an aggregate state prison term of 34 years, consisting of the upper term of 16 years for continuous sexual abuse of a child under the age of 14 years plus a consecutive two-year term (one-third the six-year middle term) for each of the nine counts of committing lewd acts upon a child.  The court ordered Perez to pay on each count a $40 court security fee and a $30 criminal conviction assessment and to register as a sex offender.  The court imposed a $240 restitution fine and a $300 sex offender fine and imposed and suspended a parole revocation fine pursuant to section 1202.45.  Perez was

---

[1]     Statutory references are to the Penal Code.

2

awarded a total of 466 days of presentence credit (406 actual days and 60 days of conduct credit). The remaining counts were dismissed on the People's motion.[2]

Perez filed a timely notice of appeal. He checked the preprinted boxes indicating his appeal was "based on the sentence or other matters occurring after the plea" and "challenges the validity of the plea or admission." He also checked the box marked "other" and asserted his defense counsel provided ineffective assistance. Without comment the trial court granted Perez's request for a certificate of probable cause.

We appointed counsel to represent Perez on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On April 8, 2013 we advised Perez he had 30 days in which to personally submit any contentions or issues he wished us to consider. After granting him two extensions of time Perez sent a hand-printed supplemental brief on June 10, 2013 in which he referred to matters outside the record in contending his defense counsel rendered ineffective assistance.

The record fails to support Perez's suggestion his plea was not knowing, voluntary and intelligent. The record also fails to demonstrate defense counsel provided ineffective assistance at any time during the proceedings in the trial court. (*Strickland v. Washington* (1984) 466 U.S. 668, 686 [104 S.Ct. 2052, 80 L.Ed.2d 674].) With respect to Perez's contention he was somehow improperly induced to enter a plea while in custody, this issue cannot be addressed on appeal because it relies on matters outside the appellate record. If cognizable at all, Perez's claim must be pursued by a different, appropriate procedure. With respect to other potential sentencing or post-plea issues that do not in substance challenge the validity of the plea itself, we have examined the record and are satisfied Perez's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

---

[2]     Pursuant to the plea agreement, the trial court also dismissed pending Los Angeles Superior Court case Number BA401150.

3

The judgment is affirmed.

PERLUSS, P. J.

We concur:

ZELON, J.

SEGAL, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.